[No. 7750]

COLBURN AUTOMOBILE COMPANY v. SOPER ET AL.

The judgment below not being supported by the testimony reversed.

*Error to Denver District Court.*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. HARRY E. KELLY and Mr. CHARLES H. HAINES, for plaintiff in error.

Messrs. BICKSLER & SMITH, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On the 2d day of November, 1910, the defendants in error obtained a judgment against Edward F. Woodworth in the district court of the city and county of Denver. On November 9th, 1910, garnishee summons was served on the Colburn Automobile Company, which, through its president, E. A. Colburn, answered that the company did not have in its possession, charge or under its control, any of the property or effects of Edward F. Woodworth; that it was not indebted to him in money or property, and did not know of any property or credits belonging to Woodworth, or in which he was interested.

This answer was traversed by the judgment creditor. The issues were tried to a jury under the instructions of the court and a verdict returned in favor of the creditor, to the effect that the garnishee had in its possession one Colburn automobile belonging to E. F. Woodworth, the judgment debtor in said cause, and of the value of $2,000. The court overruled the motion for a new trial and rendered the following judgment:

"That the said defendant, Edward F. Woodworth, do have and recover of and from The Colburn Automobile Company, Garnishee herein, for the use and benefit of plaintiffs, one Colburn Automobile No. C. 121, of the value of Two Thousand ($2000) Dollars, the property of said defendant, together with the costs of this action; and in case a delivery of said property cannot be had, then that said defendant do have and recover of and from The Colburn Automobile Company, Garnishee herein for the use and benefit of Plaintiffs, the sum of Two Thousand ($2000) Dollars, the value of said property."

The assignments of error are, (a) refusal of the court to direct a verdict, (b) insufficiency of the evidence

to support the verdict, and (c) the admission of incompetent evidence.

It is plain that there was no competent evidence upon which the verdict could be reasonably based. The only testimony upon the part of the plaintiff worthy of consideration was that of one Powell, whom the defendant in error employed to make an investigation, and who a day or two before the garnishee summons was issued went to the business place of the Colburn Automobile Company, and represented himself to be the agent of an English investor, then stopping at one of the hotels in Denver, and said that he desired to purchase an automobile; that his principal had taken a fancy to a machine belonging to a person named Woodham, or some name of a similar sound. That A. M. Pratt, the salesman of the company, with whom Powell first talked, said that he did not recall making a sale to any such person; whereupon Powell suggested that they look over the books, to which Pratt agreed, and upon so doing they found in the ledger of the company the record of a sale purporting to be made to E. F. Woodworth, on July 14th, 1910, and for the sum of $2,750. Powell testified that he saw the ledger and made a note of it. He then insisted on seeing the car, and Pratt told him that if he would go up to Woodworth's house, Woodworth would be pleased to show the car to him. He insisted upon having a letter of introduction to Mr. Woodworth, and thereupon Mr. Pratt gave him a note to H. A. Woodworth, a brother of E. F. Woodworth. He says that Mr. Colburn then came up and said to him, you cannot see Mr. Woodworth, and you cannot see the car up there because I have the car in my automobile barn.

Further, that Mr. Colburn told him that E. F. Woodworth was in California at a place called Whittier, and that he was expecting orders every day to ship the car

to California.  He says that Colburn mentioned no other name but that of Mr. Woodworth.

This testimony does not disclose that either Pratt or Colburn said to Powell that E. F. Woodworth was the owner of the car, or that its ownership was even discussed.  The only information that Powell secured in that regard was what appears on the ledger as above stated.

The only part of this testimony that might under any circumstances be competent as tending to prove ownership was the ledger itself, which was introduced in evidence along with the Powell testimony.  This shows the sale of the car to have been made to E. F. Woodworth, but this is explained by the bookkeeper of The Colburn Company, who says that she made this entry on the day of the sale, July 14th, under the impression that the car was sold to E. F. Woodworth, but that she had no personal knowledge of the sale.  That on July 15th, when final payment was made and the car delivered, she handed to Mr. Colburn a statement of the account made out to E. F. Woodworth, but that he explained to her that the sale was made to Mrs. A. M. Woodworth and not to E. F. Woodworth, whereupon she made out a new statement to Mrs. A. M. Woodworth, which bill was receipted and delivered to Mrs. Woodworth.  She did not afterward change the character of the account in the book and Mr. Colburn testified that he did not know until the garnishee summons was served upon him that the book contained such a record.  This receipted bill was introduced in evidence.

The testimony of Colburn, Pratt, Mrs. A. M. Woodworth, E. F. Woodworth and H. A. Woodworth is clear and positive, to the effect that the car was sold to Mrs. Woodworth; that as the receipted bill shows, she traded

to the company a Stanley steamer car in part payment of the purchase price and for the sum of $743.35. Mrs. Woodworth and H. A. Woodworth testified that the steamer car was purchased for her by her son, H. A. Woodworth, a man of large business affairs. That he gave her the money to pay Colburn the difference in price between the two cars. Also that he had prior to that time given his mother an electric car. The testimony is uncontroverted that Mrs. Woodworth, in company with her son, E. F. Woodworth, examined the car and tried it out, and that she personally paid the money for it. It appears also from the testimony that E. F. Woodworth was, at the time of the transaction, and had been about five years prior thereto, an invalid, who with his wife and two children lived with his mother, Mrs. A. M. Woodworth, and that, because of his infirmity, he was and had been supported by the mother and brother, H. A. Woodworth.

It further appears that E. F. Woodworth was familiar with automobiles and was able to drive the machine for his mother and did so, and likewise that he at times used it himself. He also advised his mother in the selection of the car.

There is nothing in the entire record save and except the erroneous entry in the book made by the bookkeeper that tends to show that E. F. Woodworth had any other interest in the machine than as stated above.

Mrs. A. M. Woodworth and son, E. F. Woodworth, were in California at the time of the detective's visit to the Colburn establishment, and before leaving, she had stored the machine with the Colburn Company, pending the shipment to that state. It therefore appears, that there is no conflict in any of the material testimony, and that there was no legitimate testimony upon which to sup-

port the verdict. It was the clear duty of the court to have directed a verdict for the defendant, The Colburn Automobile Company.

The judgment is reversed with direction to the district court to dismiss the proceedings in garnishment.

In division.

MUSSER, C. J., and GARRIGUES, J., concurring.

Decided July 7th, A. D. 1913. Rehearing denied February 2d, A. D. 1914.